UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
OLANREWAJU OTEGBADE,  :
:
                     Plaintiff,  :      12 Civ. 6298 (KPF)
:
              v.  :      <u>OPINION AND ORDER</u>
:
NEW YORK CITY ADMINISTRATION FOR  :
CHILDREN SERVICES, *et al.*,  :
:
                     Defendants. :
:
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>February 27, 2015</u>

KATHERINE POLK FAILLA, District Judge:

On August 16, 2012, Plaintiff Olanrewaju Otegbade filed this action under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-7 ("Title VI"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 (the "ADEA"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (the "NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 8-131 (the "NYCHRL").  Plaintiff alleges employment discrimination (in both disparate treatment and hostile work environment forms) based on his age (over 50) and national origin (Nigerian). Defendants, the New York City Administration for Children Services ("ACS") and four of its employees, have moved for summary judgment on all of Plaintiff's claims.  For the procedural reasons set forth in this Opinion, Defendants' motion is granted in its entirety.  This Court will not reach the merits of Plaintiff's claims.

## PROCEDURAL BACKGROUND[1]

Following several extension requests, one of which was due to the disruptions caused by Hurricane Sandy, Defendants ACS, Jan Flory, and Jackie Jeffrey filed their Answer on January 17, 2013 (the "ACS Answer") (Dkt. #8), and Defendants Jackie McKnight and Marie Philippeaux filed their Answer on January 31, 2013 (the "McKnight Answer") (Dkt. #11). Both Answers assert as defenses, *inter alia*, that "Individuals are not subject to suit under Title VII of the Civil Rights Act of 1964" (ACS Answer ¶ 65; McKnight Answer ¶ 65), and that "ACS is not a suable entity" (ACS Answer ¶ [66]; McKnight Answer ¶ [66][2]).

An initial pretrial conference was held on March 8, 2013, before the Honorable Laura Taylor Swain, the United States District Judge to whom this case was initially assigned.[3] That same day, Defendants submitted, on behalf of all parties, a joint preliminary pretrial statement (the "Pretrial Statement") (Dkt. #13), which stated, as relevant here, "No amendments to pleadings or addition of parties is anticipated. The only anticipated substitution is the City of New York for [ACS]." (Pretrial Statement 3). Also on March 8, 2013, the Court issued a pretrial scheduling order (the "Pretrial Order") (Dkt. #12), which provided, "All applications to amend pleadings or join parties, or amendments

---

[1]  For convenience, the parties memoranda of law are referred to as "Def. Br.," "Pl. Opp.," and "Def. Reply."

[2]  Both Answers contain the same typographical error, namely that this paragraph is labeled "91," but it is in fact the 66th paragraph of each pleading.

[3]  This case was reassigned to the undersigned on June 24, 2013. (Dkt. #14).

2

or joinders as of right, must be made by **April 30, 2013**." (Pretrial Order 1 (emphasis in original)).

Over the course of discovery, mediation sessions were held and settlement discussions were ongoing. On July 30, 2013, the Court granted Plaintiff's request (made with Defendants' consent) for an extension of fact discovery in order to accommodate delays in the taking of fact witness depositions apparently occasioned by a change in defense counsel. (Dkt. #17; *see also* Dkt. #16). On October 21, 2013, the Court granted another request, this time from Defendants with Plaintiff's consent, for a one-week extension of fact discovery for the limited purpose of allowing Plaintiff to depose a single Defendant who was otherwise unavailable. (Dkt. #22). At no point during discovery did Plaintiff request, or did the Court grant, a modification of the deadline for joining additional parties.

On November 21, 2013, a pretrial conference was held before the undersigned, and the parties were given a deadline to report to the Court whether the case should be referred to a magistrate judge for settlement purposes or whether a briefing schedule for summary judgment motions should be set. (*See* Dkt. #25). The parties having failed to resolve the matter without motion practice, Defendants sought leave to file a motion for summary judgment (*see* Dkt. #24, 29), and the Court set a schedule (Dkt. #30). Defendants' summary judgment motion was fully briefed on August 13, 2014. (Dkt. #42-49, 54-57).

## DISCUSSION

### A. Plaintiff's Federal Claims Are Dismissed with Prejudice

#### 1. Plaintiff Has Not Named a Defendant Who Can Be Sued Under Federal Law

Defendants argue, and Plaintiff agrees, that ACS is not a suable entity (*See* Def. Br. 21-22; Pl. Opp. 23-24).[4]  Defendants also argue, and Plaintiff also agrees, that individuals cannot be sued under Title VII and the ADEA.  (*See* Def. Br. 22; Pl. Opp. 24 (affirming that Plaintiff is not proceeding against individuals under Title VII and the ADEA, only under the NYSHRL and the NYCHRL)).[5]  Plaintiff has thus named no defendant who can properly be sued under the federal laws that are the basis of this lawsuit and this Court's jurisdiction.

---

[4]   Agencies of the City of New York, like ACS, cannot be rightfully sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see Emerson* v. *City of New York*, 740 F. Supp. 2d 385, 395-96 (S.D.N.Y. 2010) (dismissing claims against ACS because, as an agency of the City, it is not a suable entity).

[5]   Plaintiff likewise cannot sue individuals under Title VI, as Defendants point out in their opening brief.  (*See* Def. Br. 22-23).  But this claim is also easily disposed of, inasmuch as it has been abandoned.  In his opposition, Plaintiff does not respond to any of Defendants' arguments related to Title VI; he does not put forth any evidence supporting the validity of his Title VI claim; and, indeed, he does not even mention Title VI.  (*See generally* Pl. Opp.).  Defendants argue in reply that given this silence, Plaintiff has abandoned that claim.  (Def. Reply 9).  The Court agrees; Plaintiff's Title VI claim is dismissed as abandoned.  *See Jackson* v. *Fed. Exp.*, 766 F.3d 189, 196 (2d Cir. 2014) ("Generally … a partial response [to a motion for summary judgment] reflects a decision by a party's attorney to pursue some claims … and to abandon others. … Where abandonment by a counseled party is not explicit but such an inference may be fairly drawn from the papers and circumstances viewed as a whole, district courts may conclude that abandonment was intended.").

4

### 2. Plaintiff Is Not Given Leave to Amend

Plaintiff argues in his opposition papers, however, that he should be granted leave to amend his complaint and add the City of New York in place of ACS as a Defendant. He contends that the Court should resolve his application to amend under the liberal standard of Federal Rule of Civil Procedure 21. (Pl. Opp. 23). Plaintiff also notes the permissive standard of Rule 15(a), without explicitly arguing that it applies. (*Id.* at 24). The Court declines to apply the Rule 21 standard, and instead decides the issue under the more restrictive standard set forth in Rule 16(b).

As a general matter, because Plaintiff seeks to join a party to his civil suit, he is correct that Rule 21 is the operative rule, which permits the joinder of a party by order of the court "at any time, on just terms." Fed. R. Civ. P. 21; *see also Lawrence* v. *Starbucks Corp.*, No. 08 Civ. 3734 (LTS) (JCF), 2009 WL 4794247, at *2 (S.D.N.Y. Dec. 10, 2009) ("Where, as here, a proposed amendment adds new parties, the propriety of amendment is governed by Rule 21[.]"). In deciding whether to permit the addition of a party, the court applies the same standard of liberality under Rule 21 as that afforded to motions under Rule 15(a), which similarly states that "[t]he court should freely give leave when justice so requires." *See id.*; *see also Int'l Media Films, Inc.* v. *Lucas Entm't, Inc.*, No. 07 Civ. 1178 (JGK) (FM), 2008 WL 781823, at *1 (S.D.N.Y. Mar. 20, 2008); *Rissman* v. *City of New York*, No. 01 Civ. 6284 (SHS) (DF), 2001 WL 1398655, at *1 (S.D.N.Y. Nov. 9, 2001). But courts in this District have found that, also like amendments under Rule 15(a), requested amendments

under Rule 21 are subject to the good cause standard of Rule 16 once a deadline to join parties in a scheduling order has elapsed.  *See Soroof Trading Dev. Co.* v. *GE Microgen, Inc.*, 283 F.R.D. 142, 147 n.3 (S.D.N.Y. 2012); *Lawrence*, 2009 WL 4794247, at *3 n.4; *Int'l Media Films, Inc.*, 2008 WL 781823, at *1-3.

In the context of a motion to add a claim under Rule 15, the Second Circuit has reasoned that by "limiting the time for amendments," Rule 16(b) was designed to create certainty in pretrial proceedings and ensure that "at some point both the *parties* and the pleadings will be fixed." *Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (citation omitted) (emphasis added).  As the Court observed, if amendments under Rule 15(a) were considered "without regard to Rule 16(b), it would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* at 340 (citations omitted).  As *Parker's* reference to "parties" implies, this reasoning applies with equal force to amendments to join parties under Rule 21.  *See Int'l Media Films, Inc.*, 2008 WL 781823, at *2-3.

Accordingly, although Rule 21 governs the addition of parties to a complaint, "Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." *Kassner* v. *2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007).  "Under Rule 16(b), a party may obtain a modification of the scheduling order only 'upon a showing of good cause.'" *Id.* (citing Fed. R. Civ.

6

P. 16(b)).  Whether good cause exists is for the movant to establish, with a finding of good cause dependent "on the diligence of the moving party." *Id.*; *accord Grochowski* v. *Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003); *Parker*, 204 F.3d at 340.  "[A] district court … does not abuse its discretion in denying leave to amend the pleadings where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in the scheduling order." *Kassner*, 496 F.3d at 243 (citing *Parker*, 204 F.3d at 339-40).

Applying the "good cause" standard of Rule 16(b), Plaintiff has not demonstrated good cause for his failure to comply with the Court's deadline to amend the pleadings or join a party.  Plaintiff makes no effort to explain his lack of diligence, nor can he: he was on notice that ACS was not a suable entity from the moment that Defendants filed their Answers in January 2013.  He was reminded of this deficiency on the day of the initial pretrial conference, March 8, 2013, when Defendants submitted the *joint* Pretrial Statement indicating that the City of New York was anticipated to be substituted for ACS. (Pretrial Statement 3).  That same day, the Court's Pretrial Order provided Plaintiff with a deadline by which to make that substitution, April 30, 2013. (Pretrial Order 1).  Almost two years have passed since that deadline.  At no point has Plaintiff sought an extension of time to join parties or given any reason for missing the deadline.  Discovery has closed, and a motion for summary judgment is pending. *See Grochowski*, 318 F.3d at 86 (finding no abuse of discretion in denying motion to amend under Rule 16(b)'s "good

7

cause" standard where plaintiffs delayed for more than one year before seeking to amend, discovery had been completed, and a summary judgment motion was pending).

In arguing for leave to amend, Plaintiff argues that (i) Defendants have suffered no prejudice, and (ii) Defendants themselves previously failed to raise this issue. (Pl. Opp. 23-24). The latter assertion is simply inaccurate, as Defendants raised ACS's status as an unsuable agency at the outset of this case. And the Court declines to reach the issue of prejudice, as it has exercised its discretion to decide Plaintiff's application to amend under the "good cause" standard of Rule 16(b). *See Jackson* v. *Odenat*, 9 F. Supp. 3d 342, 369-70 (S.D.N.Y. 2014) (declining to reconsider denial of request to amend based solely on party's lack of diligence under Rule 16(b), and rejecting argument that court erred in not also considering whether opposing party would be prejudiced by amendment); *cf. Kassner*, 496 F.3d at 244 ("The district court, in the exercise of its discretion under Rule 16(b), also *may* consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." (emphasis added)).

Given that Plaintiff has forsworn any federal discrimination claims against individuals (which cannot be brought in any event) and that Plaintiff has not shown good cause for failing to join the City of New York as a defendant in accordance with the Court's scheduling order, Defendants' motion for summary judgment on Plaintiff's federal claims is granted, and Plaintiff's

application to amend his complaint is denied.  Plaintiff's claims under Title VI, Title VII, and the ADEA are dismissed with prejudice.[6]

## B.     Plaintiff's State and City Claims Are Dismissed Without Prejudice

Plaintiff still has an opportunity to adjudicate some of his claims on the merits, albeit not in this Court.  As it concerns Plaintiff's remaining NYSHRL and NYCHRL claims, the Court dismisses those claims without prejudice.

Where a federal district court "dismisse[s] all claims over which it has original jurisdiction," that court has discretion over whether to exercise supplemental jurisdiction over the plaintiff's remaining state law causes of action.  28 U.S.C. § 1367(c)(3).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan* v. *Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (citation and quotation marks omitted); *see also In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) ("[W]hen the federal

---

[6]  In its review of the parties' briefing and the record evidence, the Court found Defendants' arguments on the merits to be compelling.  While the Court makes no finding on the substance of Plaintiff's discrimination claims, it cannot deny that the strength of Defendants' case shades its willingness to dismiss the federal claims on a procedural basis.  *Cf. Hunt* v. *Alliance N. Am. Gov't Income Trust, Inc.*, 159 F.3d 723, 728 (2d Cir. 1998) (finding it "proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile").

claims are dismissed the 'state claims should be dismissed as well.'" (quoting *United Mine Workers of Am.* v. *Gibbs*, 383 U.S. 715, 726 (1966))).[7]

Plaintiff's federal claims having been dismissed, the Court thus declines to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims. *See, e.g.*, *Vuona* v. *Merrill Lynch & Co., Inc.*, 919 F. Supp. 2d 359, 393-94 (S.D.N.Y. 2013) (granting summary judgment on federal claims but declining to exercise supplemental jurisdiction over NYCHRL claims, in part because the NYCHRL requires application of a standard "with which the [New York] state courts are more familiar").[8] These claims are dismissed without prejudice to their potential refiling in state court.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. Plaintiff's Title VI, Title VII, and ADEA claims are DISMISSED

---

[7]   In particular, in considering fairness, the Court notes that, while claims arising under both the NYSHRL and the NYCHRL are subject to three-year statutes of limitations, *see Martinez-Tolentino* v. *Buffalo State Coll.*, 715 N.Y.S.2d 554, 555 (4th Dep't 2000) (applying three-year statute of limitations for statutorily-created causes of action under C.P.L.R. § 214(2) to NYSHRL claims); N.Y.C. Admin. Code § 8-502(d) (three-year statute of limitations for NYCHRL claims), those periods of limitations have been tolled during the pendency of this action, *see* 28 U.S.C. § 1367(d) ("The period of limitations … shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

[8]   Courts in this District tend to retain jurisdiction over NYSHRL claims when deciding federal discrimination claims on the merits, because the substantive standards for liability under the NYSHRL and federal discrimination claims are coextensive (which is not the case for NYCHRL claims). *See Vuona*, 919 F. Supp. 2d at 393-94 (resolving NYSHRL claims concomitantly with Title VII claims, while declining supplemental jurisdiction over NYCHRL claims); *cf. Mihalik* v. *Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (explaining that "even if the challenged conduct is not actionable under federal and state law, federal courts must consider separately whether it is actionable under the broader New York City standards"). Here, however, where the Court is not deciding any federal claim on the merits, judicial economy counsels in favor of both state and city claims being adjudicated in one place.

WITH PREJUDICE.  Plaintiff's NYSHRL and NYCHRL claims are DISMISSED WITHOUT PREJUDICE.  The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

    SO ORDERED.

Dated:    February 27, 2015  
            New York, New York

                                                    KATHERINE POLK FAILLA  
                                                United States District Judge